UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

ILLINOIS STATE PAINTERS WELFARE FUND, By and Through its Trustees,

     and

PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, By and Through Its Trustees,

     and

PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, By and Through Their Trustees,

     Plaintiffs,

v.

A B DRYWALL, INC.,

     Defendant.

Cause No.  3:19-cv-00280-SMY-RJD

## FIRST AMENDED COMPLAINT

     COME NOW Plaintiffs, ILLINOIS STATE PAINTERS WELFARE FUND, PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, by undersigned Counsel, and state as follows for their Complaint against Defendant, A B DRYWALL, INC.:

### Parties

     1.    Plaintiff ILLINOIS STATE PAINTERS HEALTH AND WELFARE FUND (hereinafter "Welfare Fund") is an employee welfare benefit plan, a welfare plan and a plan within the meaning of section 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2.      Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).  Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.      Contributions to Welfare Fund are received and processed in Maryland Heights, St. Louis County, Missouri.

4.      Plaintiff PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND (hereinafter "401(k) Plan") is a pension plan, or plan and a defined contribution plan within the meaning of Sections 3(2)(A) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (34).

5.      401(k) Plan is administered by a Board of Trustees who fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §§ 1002(21)(A).  Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

6.      Contributions to 401(k) Plan are received and processed in Collinsville, Madison County, Illinois.

7.      Plaintiff PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS (hereinafter "District Council Funds") are certain collectively-bargained fringe benefit funds, for which Plaintiff 401(k) Plan acts as the authorized collection agent

8.      Contributions to District Council Funds are received and processed in Collinsville, Madison County, Illinois.

9.      Together, the 401(k) Plan, Welfare Fund and Fringe Benefit Funds shall be referred to as "Plaintiff Funds."

10.     Defendant A B Drywall, Inc. ("A B Drywall") is an Illinois general business corporation.

11.     At all relevant times, A B Drywall has maintained its principal place of business in St. Jacob, Madison County, Illinois.

12.     A B Drywall is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11) and (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12), and within the meaning of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6), (7).

## Jurisdiction and Venue

13.     This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).

14.     This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and § 301(c) of the LMRA, 29 U.S.C. § 185(c).

15.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301(a) of the LMRA, 29 U.S.C. § 185(a).

## Facts

16.     At all times relevant to Plaintiffs' Complaint, A B Drywall is, was, and has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters' District Council #58, affiliated with the International Union of Painters and Allied Trades ("District Council #58").

17.     By virtue of those Agreement(s), A B Drywall is, was and has been required to submit reports of hours worked by its eligible employees working under the terms of the Agreement(s) and to pay contributions to the Welfare Fund and 401(K) Plan at specified hourly rates.

3

18.    A B Drywall is required to pay contributions to the District Council Funds at specified hourly rates, and to take contractually-required deductions from employee wages and to pay said amounts to the District Council Funds on behalf of its employees.

19.    A B Drywall has reported and paid contributions to Plaintiff Funds on behalf of employees in a bargaining unit represented by District Council #58 during the time period relevant to Plaintiff Funds' Complaint.

20.    A B Drywall has reported and paid contributions to Welfare Fund on behalf of at least one (1) owner of the company during the time period relevant to Plaintiff Funds' Complaint.

21.    A B Drywall is required to report and pay contributions to Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

22.    If A B Drywall, does not timely report and pay contributions, in addition to such contributions as may be due, the Agreement(s), and/or Trust Document(s) and/or ERISA provide A B Drywall shall be liable for Liquidated Damages and/or interest.

23.    In the event of litigation, Plaintiff Funds are further entitled to an award of their attorneys' fees and costs and auditing and/or accounting fees.

## COUNT I

### (AUDIT LIABILITY DUE)

### (ALL PLAINTIFFS)

COME NOW Plaintiffs, Illinois State Painters Welfare Fund; Painters District Council #58 401(k) Trust Fund; and Painters District Council #58 Fringe Benefit Funds, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant A B Drywall, Inc.:

24.    Plaintiffs restate and reincorporate paragraphs 1 through 23 of their Complaint as if fully set forth herein.

25.    ERISA, the Agreement(s), the Participation Agreement and/or the Trust Document(s) further authorize Plaintiff Funds' Trustees to conduct audits of signatory employers, including A B Drywall.

26.    Plaintiffs conducted an audit ("Audit") of A B Drywall's books and records for the period of January 1, 2013 to December 17, 2017.

27.    The Audit found contributions due to Welfare Fund in the amount of $20,536.80 (the "Delinquency").  A true, accurate and correct copy of the Audit is attached hereto as **Exhibit "A."**

28.    Plaintiffs are entitled to recover the Delinquency.

29.    Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, A B Drywall is further liable for Liquidated Damages in the amount of twenty percent (20%) of the Delinquency, or $4,107.36.

30.    Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, A B Drywall is further liable for interest, estimated in the amount of $5,766.62.

31.    Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, A B Drywall is liable for the costs of the audit.

32.    Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, A B Drywall is liable for Plaintiffs' attorneys' fees and costs.

33.    Demand was made upon A B Drywall for payment, but A B Drywall has unreasonably failed and refused to pay.

34.    As a result of A B Drywall's actions complained of, Plaintiffs have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

a. Enter judgment for Plaintiffs, Illinois State Painters Welfare Fund; Painters District Council #58 401(k) Trust Fund; and Painters District Council #58 Fringe Benefit Funds, and against Defendant A B Drywall, Inc.;

b. Enter an Order awarding Plaintiff Funds delinquent contributions in the amount of $20,536.08;

c. Enter an Order awarding Plaintiff Funds Liquidated Damages in the amount of $4,107.36;

d. Enter an Order awarding Plaintiff Funds pre-judgment interest, in the amount of at least $5,766.62, or a different and greater amount to be proven at trial;

e. Enter an Order awarding Plaintiff Funds audit costs, in an amount to be proven at trial;

f. Enter an Order awarding Plaintiff Funds their attorneys' fees and costs, in an amount to be proven at trial;

g. Enter an Order awarding Plaintiff Funds post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## (DELINQUENT FRINGE BENEFIT CONTRIBUTIONS DUE)

## (ALL PLAINTIFFS)

COME NOW Plaintiffs, Illinois State Painters Welfare Fund; Painters District Council #58 401(k) Trust Fund; and Painters District Council #58 Fringe Benefit Funds, by undersigned Counsel, and state as follows for Count I of their Complaint against Defendant A B Drywall, Inc.:

35.     Plaintiff Funds restate and reincorporate paragraphs 1 through 23 and 25 through 34 of Count I of their Complaint as if fully set forth herein.

36.     A B Drywall is required to report and pay fringe benefit contributions to the Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

37.     If A B Drywall, does not timely report and pay fringe benefit contributions, in addition to such contributions as may be due, the Agreement(s), and/or Trust Document(s) and/or ERISA provide A B Drywall shall be liable for Liquidated Damages.

38.     If A B Drywall, does not timely report and pay fringe benefit contributions, in addition to such contributions as may be due, the Agreement(s), and/or Trust Document(s) and/or ERISA provide A B Drywall shall be liable for interest.

39.     Despite A B Drywall's contractual obligations, Defendant is believed not to have fully reported and paid required fringe benefit contributions since December 2017, the last month included in the Audit.

40.     Since A B Drywall has not reported, or paid all contributions, the full amount of Defendant's liability to Plaintiff Funds for periods after the Audit is not presently known.

41.     Plaintiff Funds are suffering and will continue to suffer immediate, severe and irreparable harm and damage, and A B Drywall's employees stand to lose coverage, unless Defendant is ordered to submit the outstanding reports, with payment.

42.     Plaintiff Funds are entitled to an award of all contributions due.

43.     Plaintiff Funds are entitled to Liquidated Damages on any such amounts due.

44.     Plaintiff Funds are entitled to interest on any amounts found due.

45.     Pursuant to ERISA, the Agreement(s) and/or Trust Document(s), as a result of the Delinquency, A B Drywall is liable for Plaintiffs' attorneys' fees and costs.

46.     As a result of A B Drywall's actions complained of, Plaintiffs have been harmed.

WHEREFORE, Plaintiff Funds respectfully pray that the Court:

a.  Enter judgment for Plaintiffs, Illinois State Painters Welfare Fund; Painters District Council #58 401(k) Trust Fund; and Painters District Council #58 Fringe Benefit Funds, and against Defendant A B Drywall, Inc.;

b.  Enter Orders for temporary, preliminary and permanent injunctive relief directing A B Drywall to immediately submit all outstanding remittance reports;

c.  Enter an Order awarding Plaintiff Funds all contributions due;

d.  Enter an Order awarding Welfare Fund Liquidated Damages, in an amount to be proven at trial;

e.  Enter an Order awarding Welfare Fund interest, in an amount to be proven at trial;

f.  Enter an Order awarding Welfare Fund their attorneys' fees and costs, in an amount to be proven at trial;

g.  Enter an Order awarding Plaintiff Funds post-judgment interest;

h.  Enter Orders for such further relief as the Court deems proper in the premises.

8

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  6202
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing "*First Amended Complaint*" was placed in the U.S. Mail, First Class postage prepaid on March 14, 2019, for service upon the following non-participants in the Court's CM/ECF system:

A B Drywall, Inc.
c/o Larry Brummet
516 Walnut Rd.
St. Jacob, IL  62281


David M. Duree, Esq.
David M. Duree and Associates
312 S. Lincoln Ave.
P.O. Box 1416
O'Fallon, IL  62269-1416


 /s/ James R. Kimmey
101 W. Vandalia St., Suite 245
Edwardsville, IL  6202
(618) 692-5250 (tel.)