IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, PAINTERS DISTRICT COUNCIL #58 401(K) TRUST FUND, and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS,<br><br>     Plaintiffs,<br><br>vs.<br><br>AB DRYWALL, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 19-CV-280-SMY<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Summary judgment was granted in favor of Plaintiffs as to liability on their claim that Defendant underpaid contributions on behalf of an employee, Jared Shires, pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. (Doc. 34).[1] Now pending before the Court is Defendant's Motion for Reconsideration (Doc. 42) and Motion for Leave to File a Counterclaim (Doc. 47). Plaintiffs oppose both motions (Docs. 43, 50).[2] For the following reasons, the Motions are **DENIED.**

## Reconsideration

Federal Rule of Civil Procedure 60(b) permits relief from judgment or order on several bases including mistake, excusable neglect, fraud, and "any other reason that justifies relief." However, relief under Rule 60(b) is extraordinary and only granted in exceptional circumstances.

---

[1] Plaintiffs' additional claim that Defendant underpaid contributions on behalf of its owner, Larry Brummet, is set for jury trial on May 31, 2022 (Doc. 54).
[2] Defendant filed a reply brief (Doc. 44) without first seeking leave, in contravention of the undersigned's Case Management Procedures. Accordingly, the reply brief is **STRICKEN**.

*United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997). "'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) (quoting *Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). And, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Here, Defendant does not identify any extraordinary circumstances warranting relief. It argues that the Court failed to consider that it overpaid contributions for two other employees and that the overpayment offsets the underpayment on behalf of Shires. The Court notes that Defendant has not raised its over-payment/offset argument via an affirmative defense or counterclaim. Moreover, Defendant provides no authority to support its position that damages owed as to Shires can be offset by excess contributions paid on behalf of other employees. Accordingly, the motion is **DENIED**.

## Counterclaim

Counterclaims may be compulsory or permissive pursuant to Federal Rule of Civil Procedure 13. "In order to be a compulsory counterclaim, Rule 13(a) requires that the claim (1) exist at the time of pleading, (2) arise out of the same transaction or occurrence as the opposing party's claim, and (3) not require for adjudication parties over whom the court may not acquire jurisdiction." *Burlington Northern R. Co. v. Strong*, 907 F.2d 707, 710-11 (7th Cir. 1990). A compulsory counterclaim that is not asserted in the answer to the complaint is waived. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 360 (7th Cir. 1990).

An employer's attempt to recover amounts paid to an ERISA fund is a compulsory counter claim. *See Robbins v. Lynch*, 836 F.2d 330, 334 (7th Cir. 1988). In this case, Defendant referenced an overpayment in June 2018 and later threatened to file a counterclaim in October 2018 (Docs. 9-3 and 9-6). Thus, Defendant knew of a counterclaim approximately nine months before it filed its Answer in March 2019. Further, the proposed counterclaim arises out of the "same transaction or occurrence" as Plaintiffs' claims – an audit.[3] As such, Defendant waived the counterclaim when it failed to file it with its Answer.

For the foregoing reasons, Defendant's Motion to Reconsider (Doc. 42) and Motion for Leave to File a Counterclaim (Doc. 47) are **DENEID**.

**IT IS SO ORDERED.**

**DATED:** December 13, 2021

2021.12.13
11:06:58 -06'00'

**STACI M. YANDLE**
**United States District Judge**

---

[3] The undersigned entered Summary Judgment for Plaintiffs based on a deficiency revealed by audit.