IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS STATE PAINTERS WELFARE FUND, PAINTERS DISTRICT COUNCIL #58 401k TRUST FUND, and PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS,<br><br>           Plaintiffs,<br><br>vs.<br><br>AB DRYWALL, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-cv-280-SMY<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Plaintiffs' Rule 54 Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. §1132(g)(2) (Doc. 63). Defendant AB Drywall, Inc. ("AB Drywall") opposes the motion (Doc. 65). For the following reasons, the motion is **DENIED**.

### Background

Defendant AB Drywall was owned and operated by Larry Brummet from its incorporation in December 2003 until when it ceased operations in December 2017. Plaintiffs provided retirement, health, and welfare benefits to employees of employers who entered a Collective Bargaining Agreement ("CBA") with the Plaintiffs, pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*.

AB Drywall entered into a CBA with the Plaintiffs on August 9, 2017, which required AB Drywall to report and pay benefit contributions on behalf of its bargaining unit employees to the Plaintiffs (Doc. 22-1). AB Drywall also reported and paid contributions on behalf of its owner,

Larry Brummet for the hours he spent working with the tools or working as a supervisor (Doc. 22-6, p. 3).

Plaintiffs conducted an audit of AB Drywall for the years 2013 to 2017 which found that contributions for various months were due from AB Drywall for Brummet's benefits (Docs. 20-11 to 20-17). The audit also found that AB Drywall underpaid contributions on behalf of its employee, Jared Shires, during the relevant period (Doc. 22-9).

Plaintiffs filed a First Amended Complaint herein for the costs of an audit and for delinquent benefit contributions (Doc. 5).[1] Ultimately, AB Drywall did not dispute the finding that contributions were underpaid for Shires, and Plaintiffs were granted summary judgment on that claim (Doc. 34). The Court denied AB Drywall's Motion for Reconsideration (Doc. 42) and Motion for Leave to File a Counterclaim (Doc. 47), in which AB Drywall argued that overpayments to two other employees offset the underpayment on behalf of Shires (Doc. 55). The Court also rejected Plaintiffs' damage calculations (Doc. 56). Plaintiffs' remaining claim that Defendant underpaid contributions on behalf of Brummet was pending when the parties filed a Stipulation of Dismissal (Doc. 60). The Judgment entered dismissed the case without prejudice, did not award any damages to Plaintiffs (Doc. 62).

## Discussion

Pursuant to Fed. R. Civ. P. 54(d)(2), a claim for attorneys' fees and related nontaxable expenses must specify the judgment and statute, rule or other grounds entitling the movant to the award of attorneys' fees. Plaintiffs assert that they are entitled to an award of attorneys' fees under 29 U.S.C. §1132(g)(2), which provides that reasonable attorneys' fees shall be awarded in any

---

[1] Although not explicitly stated in the First Amended Complaint, it appears that Plaintiffs filed this action under 29 U.S.C. §1145 as fiduciaries recovering delinquent contributions to ERISA plans.

action "in which a judgment in favor of the plan is awarded." Defendants counter that Plaintiffs are not the prevailing party because "a judgment was never entered for a dollar amount of unpaid contributions on behalf of Jared Shires; instead, the Complaint was dismissed without prejudice" (Doc. 65, p. 2).

As to what constitutes a "judgment in favor of the plan," the Supreme Court has noted that 29 U.S.C. §1132(g)(2) should be strictly construed in consideration of contrasting language in 29 U.S.C. §1132(g)(1), which allows courts to discretionarily award attorneys' fees to either party:

> That [more permissive] language [of §1132(g)(1)] contrasts sharply with § 1132(g)(2), which governs the availability of attorney's fees in ERISA actions under § 1145 (actions to recover delinquent employer contributions to a multiemployer plan). In such cases, only plaintiffs who obtain "a judgment in favor of the plan" may seek attorney's fees. § 1132(g)(2)(D). The contrast between these two paragraphs makes clear that Congress knows how to impose express limits on the availability of attorney's fees in ERISA cases.

*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010).

Prior to *Hardt*, the Seventh Circuit had recast this "judgment in favor of the plan" language of § 1132(g)(2) as requiring a party to "prevail" in the litigation.  See, *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 544 (7th Cir. 2009); *Moriarty v. Svec*, 233 F.3d 955, 963 (7th Cir. 2000) (holding that "ERISA provides for a mandatory award of reasonable attorney's fees when a plan fiduciary prevails in an action to collect delinquent contributions").  Since *Hardt*, the Seventh Circuit has addressed its standards for determining whether fees should be awarded, but only in the context of 29 U.S.C. §1132(g)(1).  See, *Temme v. Bemis Co., Inc.*, 762 F.3d 544, 550 (7th Cir. 2014).  However, other district courts in this Circuit have confronted this post-*Hardt* ambiguity and have noted that, "Section 1132(g)(2) expressly requires a judgment in favor of the plan and says nothing about a 'degree of success' or a 'prevailing party." *Midwest Operating Engineers Welfare Fund v. Davis & Son Excavation, LLC*, 2021 WL 1192560, at *9 (N.D. Ill.

Mar. 30, 2021).

As the word "prevail" is absent from 29 U.S.C. §1132(g)(2), and its plain language requires only a "judgment in favor of the plan", this Court need only determine whether Plaintiffs obtained a "judgment" in their favor in this litigation. *Hardt*, 560 U.S. 242, 252. While the Court granted summary judgment with respect to liability for the contributions for Shires, no damages were awarded and the Court expressly reserved a damages determination for the "conclusion of this case." (Doc. 56, p. 2). The only final judgment entered was a dismissal "without prejudice" (Doc. 62).

In sum, a "judgment in favor of the plan" is a final summary judgment order, a default judgment, or a judgment following a trial – not an interlocutory non-final summary judgment order. See, *Ill. Conference of Teamsters & Emp'rs Welfare Fund v. Steve Gilbert Tracking*, 71 F.3d 1361, 1368 n. 6 (7th Cir. 1995) (noting request for mandatory attorneys' fees under §1132(g)(2) was "premature" because final judgment had not been entered). Accordingly, Plaintiffs' Rule 54 Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. §1132(g)(2) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 7, 2022**

**STACI M. YANDLE**
**United States District Judge**